RECEIVED

MAR 0 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUSTAVO T. LUNA, | |
|     Petitioner, | Civil Action 06-2085 |
| | Honorable Richard W. Roberts |
| v. | |
| ALBERTO GONZALES, et al., | |
|     Respondent. | |

## MOTION FOR RECONSIDERATION TO DISMISS PETITION
## AND FOR ORDER OF SHOW CAUSE

    **COMES NOW**, Petitioner, in want of counsel, pro-se, and moves for this Honorable Court of Richard W. Roberts to revisit it's ruling of February 14, 2007: dismissing petition without prejudice and denial of Motion to Request Judicial Notice as moot. Petitioner further requests for this Court to issue Order Show Cause.

### ARGUMENT(S)

    Petitioner is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. The Court argues that the proper method for Petitioner to challenge the jurisdiction of his federal court sentence is through Section §2255, as well to attack the constitutionality of his sentence should be raised in a motion under §2255 to vacate, set aside, or correct the sentence as cited

/////

///// - 1

in **Taylor v. United States Bd. of Parole**, 194 F.2d 882 (D.C. Cir. 1952).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of COngress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United states, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence to vacate, set aside or correct the sentence.**

Additonally, this Court argues that the ability to challenge a conviction by motion to vacate sentence is generally precluded by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. §2255], **shall not be entertained** if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. §2255 (emphasis added).

The argument being that §2255 by motion is inadequate to test the legality of petitioner's detention. Subsection 2255, of Title 28, of the United States Code, is inapplicable and without the force or effect of law where it is shown not to have been enacted by Congress, into Federal law. The Congressional Record, Vol 94-Part 7 (June 15, 1948 to June 19, 1948) pp. 8229-9169, and Vol 94-Part 8 (July 26, 1948 to December 31, 1948) pp. 9353, reveal that Congress

///// - 2

was not assembled in session on the date(s) that Title 3, 5, 18, and 28 are purported to have been enacted into law by Congress.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive tribunal, without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, The revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, **Balzac v. Porto Rico**, (1922), **Mookine v. United States** (1938). Thus not authorized to entertain the cause now before the court.

Thus the Court, in similar matters ( **common law** Writ of Habeas Corpus), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of impriosnment **via** subterfuge and noncompliance with the law (a Malcum In Se Crime?) whereby the Accused/Petitioner is deprived a remedy in law to redress a grievance.

It is for the foregoing and following reasons that the Petitioner has brought his instant cause **under the common law Writ of Habeas Corpus**, and invoked the venue and jurisdcition of an Article III, Constitutional Court.

It is therefore incumbent upon this Court, in the interest of justice, by and through the Judicial Notice [ received by this Court on December 7, 2006], as a neuatral party between both Petitioner and respondents, upon its own motion, to so issue a

//////

///// - 3

**ODER TO SHOW CAUSE** to the Respondents why a **WRIT OF HABEAS CORPUS** should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Dated: 03/01/07, 2007

                                         Respectfully submitted by:

                                         Gustavo T. Lune
                                         09054-051
                                         Oakdale-FCC
                                         P.O. Box 5000
                                         Oakdale, La 71463

/////////

///// - 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUSTAVO T. LUNA,

    Petitioner,

v.

ALBERTO GONZALES, et al.,

    Respondent.

Civil Action 06-2085
Honorable Richard W. Roberts

## MOTION FOR RECONSIDERATION TO DISMISS PETITION AND FOR ORDER OF SHOW CAUSE

**COMES NOW**, Petitioner, in want of counsel, pro-se, and moves for this Honorable Court of Richard W. Roberts to revisit it's ruling of February 14, 2007: dismissing petition without prejudice and denial of Motion to Request Judicial Notice as moot. Petitioner further requests for this Court to issue Order Show Cause.

### ARGUMENT(S)

Petitioner is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. The Court argues that the proper method for Petitioner to challenge the jurisdiction of his federal court sentence is through Section §2255, as well to attack the constitutionality of his sentence should be raised in a motion under §2255 to vacate, set aside or correct the sentence as cited

/////

///// - 1

in **Taylor v. United States Bd. of Parole**, 194 F.2d 882 (D.C. Cir. 1952).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of COngress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United states, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, **may move the court which imposed the sentence to vacate, set aside or correct the sentence.**

Additonally, this Court argues that the ability to challenge a conviction by motion to vacate sentence is generally precluded by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. §2255], **shall not be entertained** if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. §2255 (emphasis added).

The argument being that §2255 by motion is inadequate to test the legality of petitioner's detention. Subsection 2255, of Title 28, of the United States Code, is inapplicable and without the force or effect of law where it is shown not to have been enacted by Congress, into Federal law. The Congressional Record, Vol 94-Part 7 (June 15, 1948 to June 19, 1948) pp. 8229-9169, and Vol 94-Part 8 (July 26, 1948 to December 31, 1948) pp. 9353, reveal that Congress

///// - 2

was not assembled in session on the date(s) that Title 3, 5, 18, and 28 are purported to have been enacted into law by Congress.

The United States District Court, wherein the cause herein complained of, arose, is shown to be an Executive tribunal, without Article III judicial authority. This assertion is supported by consulting Supreme Court Rule 45, The revised Statutes of 1878, The Judiciary Act of March 3, 1911, Executive Order 6166, **Balzac v. Porto Rico**, (1922), **Mookine v. United States** (1938). Thus not authorized to entertain the cause now before the court.

Thus the Court, in similar matters ( **common law** Writ of Habeas Corpus), appears to be resorting to inapplicable statutory provisions to remove the cause to a court which the court knows lacks the authority under Article III to entertain the matter. Thereby the sustainment of an unlawful conviction and term of impriosnment **via** subterfuge and noncompliance with the law (a Malcum In Se Crime?) whereby the Accused/Petitioner is deprived a remedy in law to redress a grievance.

It is for the foregoing and following reasons that the Petitioner has brought his instant cause **under the common law Writ of Habeas Corpus**, and invoked the venue and jurisdcition of an Article III, Constitutional Court.

It is therefore incumbent upon this Court, in the interest of justice, by and through the Judicial Notice [ received by this Court on December 7, 2006], as a neuatral party between both Petitioner and respondents, upon its own motion, to so issue a

//////

///// - 3

**ODER TO SHOW CAUSE** to the Respondents why a **WRIT OF HABEAS CORPUS** should not issue, in their 'showing' based upon the facts and points raised in the Writ itself.

Dated: 3/01/07 , 2007

Respectfully submitted
by: *[signature]*

Gustavo T. Lune
09054-051
Oakdale-FCC
P.O. Box 5000
Oakdale, La 71463

/////////

///// - 4